IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GRETCHEN LAUREANO QUIÑONES,**

**Plaintiff,**

v.

**DR. RICHARD NADAL CARRION,**

**Defendant.**

**CIVIL NO. 15-2548 (PAD)**

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is defendant's "Motion to Dismiss the Complaint Pursuant to FRCP 12(B)(6)" (Docket No. 13). Plaintiff opposed (Docket No. 45), defendants replied (Docket No. 21), and plaintiff surreplied (Docket No. 24).[1] For the reasons explained below, the motion to dismiss is denied without prejudice.

Plaintiff Gretchen Laureano Quiñones initiated this action against Dr. Richard Nadal-Carrión, alleging that doctor Nadal incurred in medical malpractice in connection with an elective cosmetic procedure (an abdominoplasty) performed on her on June 29, 2012 (Docket No. 1).[2] She states that because of doctor Nadal's negligence, she ended up with two belly buttons and would now need another surgery to reconstruct her abdomen. Id. at ¶¶ 6-8.[3] Doctor Nadal moves to dismiss, claiming that Laureano's claim is time-barred (Docket No. 13).

---

[1] Plaintiff's surreply is erroneously titled "Reply to Defendant's Reply. . . ."

[2] Other portions of the record suggest that she also had a breast augmentation.

[3] In plaintiff's own words "[o]n or about the 29th., of June of 2012, Defendant performed a different operation than the one described to the patient in the drawing; with the adverse consequences with materialized ending with the appearance of two belly bottoms [sic]" (Docket No. 1 at ¶ 7).

In Puerto Rico, professional malpractice actions are subject to the one-year statute of limitations period set in Article 1868 of the Civil Code, P.R. Laws Ann. tit. 31 § 5298. Rodríguez v. Hospital, 186 D.P.R. 889, 900 (2012); Soto-Cabral v. E.L.A., 138 D.P.R. 298, 309 (1995); Ortega v. Pou, 135 D.P.R. 711, 714 (1994). The period begins to run when the aggrieved person has notice of her injury and knowledge of the likely identity of the tortfeasor. Maldonado Rivera v. Suárez, 2016 T.S.P.R. 57, *4; Fraguada Bonilla v. Hospital Auxilio Mutuo, 186 D.P.R. 365, 374 (2012); Tokyo Marine & Fire Ins. Co. v. Pérez & Cia., de Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir.1998).

Untimeliness may be raised in a motion to dismiss. Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113-114 (1st Cir. 2009). Dismissal is appropriate if the allegations show that the passage of time between events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, and the complaint fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations. Abdallah v. Bain Capital, LLC, 752 F.3d 114, 119 (1st Cir. 2014).

In this case, the alleged negligent act occurred on June 29, 2012, when plaintiff knew that doctor Nadal had operated on her and that the surgery had an adverse result of "ending with the appearance of two belly bottoms [sic]" (Docket No. 1 at ¶ 7). At that time, as doctor Nadal correctly notes in his motion to dismiss, plaintiff learned of the adverse result of the surgery and of the cause of her own physical and emotional pain (Docket No. 13 at p. 8). And thus, her cause of action would have expired on or about June 30, 2013.

Opposing dismissal, plaintiff submitted copy of (i) a letter dated June 11, 2013, allegedly sent by the firm Prado Núñez & Asociados on her behalf to doctor Natal, with the purpose of tolling the statute of limitations (Docket No. 14, Exh. 5); (ii) a letter from doctor Nadal's insurance

provider, SIMED, indicating that plaintiff's letter was forwarded by doctor Nadal to its offices on June 13, 2013 (Docket No. 27, Exh. 8); (iii) a complaint plaintiff filed in state court on June 13, 2014 (Docket Nos. 14, Exh. 14 and 28, Exh. 5); and (iv) notice of the complaint's dismissal on October 29, 2014 for reasons that are not clear (Docket No. 28, Exh. 6).  On that progression, the action may not be untimely.

Article 1873 of Puerto Rico's Civil Code identifies three mechanisms to interrupt running of the limitations period, to wit: (i) judicial action; (ii) extrajudicial claim; and (iii) any act of acknowledgment of the debt by the debtor. P.R. Laws Ann. tit. 31 § 5303; Rodríguez v. Suzuki Motor Corp., 570 F.3d 402, 407 (1st Cir. 2009).  If the limitations period is interrupted, the period starts to run anew.[4]  An extrajudicial claim includes virtually any demand formulated by the creditor. See, Tokyo Marine and Fire Ins. Co. v. Pérez & Cia., 142 F.3d 1, 4 (1st Cir. 1998)(quoting, Rodríguez Narváez v. Nazario, 895 F.2d 38, 44 (1st Cir. 1990)(other internal citations omitted).  The prescriptive term is interrupted on the date on which the defendant receives the extrajudicial claim. Id.[5]

An extrajudicial claim appears to have been received by doctor Nadal before the expiration of the limitations period on or about June 30, 2013.[6]  And a judicial action seems to have been initiated in state court less than a year later.  Given that the present action was filed on October 16, 2015, within the year following the state complaint's dismissal, the action may not be time barred.

---

[4] In the case of an interruption by the institution before the courts, the one-year term is tolled when the complaint is filed and begins to run anew when the complaint is dismissed by a final and unappealable judgment. Durán-Cepeda v. Morales-Lebrón, 112 D.P.R. 623, 625-626 (1982).

[5] If the term is interrupted by filing of a complaint, it is tolled when the complaint is filed; and not when process is served upon defendants. Feliciano v. AAA, 93 D.P.R. 655, 661 (1966).

[6] In her response plaintiff only submitted a single page of the letter. However, a certified translation of the complete letter was submitted at Docket No. 27, Exh. 5. She also includes 16 exhibits with close to 50 pages of unauthenticated documents that are not referenced to in the complaint.

Gretchen Laureano-Quiñones v. Dr. Richard Nadal-Carrión
Civil No. 15-2548 (PAD)
Memorandum and Order
Page 4

Defendant objects that those documents cannot be considered by the court because they were submitted with the sole purpose of bringing a version of the facts that is not included in the complaint. Unless the motion to dismiss were converted into one for summary judgment, a hard look at the record would require the court to disregard the documents, for they were not attached to the complaint nor expressly incorporated therein. See, Foley v. Wells Fargo Bank, NA, 772 F.3d 63, 74 (1st Cir. 2014) (in deciding a motion to dismiss, a court may "[o]rdinarily ... not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment); Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 716-717 (1st Cir. 2014) (a primary focus of a motion to dismiss is on the complaint, not on materials outside the pleadings).

In effect, applying Foley may require dismissal. However, the consequence at this early stage on such ground gives the court pause. Instead of Rule 12 conversion, record development is appropriate. Defendant's request for dismissal on timeliness grounds may be renewed upon conclusion of discovery under Fed.R.Civ.P. 56. In view of the foregoing, defendants' "Motion to Dismiss" (Docket No. 13) is denied without prejudice. Doctor Nadal shall answer the complaint by August 5, 2016.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of July, 2016.

                                                        s/Pedro A. Delgado-Hernández
                                                        PEDRO A. DELGADO HERNANDEZ
                                                        U.S. DISTRICT JUDGE