IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

GRETCHEN LAUREANO QUIÑONES,

Plaintiff,

v.

RICHARD NADAL CARRION

Defendant.

CIV. NO.: 15-2548 (SCC)

**OPINION AND ORDER**

This is a medical malpractice suit claiming that Doctor Richard Nadal Carrión deviated from the standard of care in performing an abdominoplasty. Doctor Nadal Carrión moves for summary disposition of all claims. *See* Docket No. 102. Plaintiff opposes. Docket No. 112. After careful consideration, the Court grants Dr. Nadal's request.

**I. Factual Background[1]**

Ms. Gretchen Laureano Quiñones filed suit against Dr.

---

[1] The Court will only discuss the facts that are pertinent to the analysis of the Motion for Summary Judgment.

Nadal Carrión, claiming that he did not remove enough excess fat from her abdomen during an abdominoplasty; and that he abandoned her for failing to perform a revision surgery. *See* Docket Nos. 1, 6 and 38.

Ms. Laureano filed a Motion for Summary Judgment, which the Court denied. *See* Docket Nos. 93 and 180. Ms. Laureano appealed, and the First Circuit dismissed the appeal. *See* Docket No. 194.

Dr. Nadal also filed an Amended Motion for Summary Judgment, and thereafter moved to strike the testimony of Ms. Laureano's only expert witness, Dr. David Leitner. *See* Docket Nos. 102, and 153. The Court held a hearing on the *Daubert* challenge, and ultimately granted the defendant's Motion in Limine at Docket No. 153. *See* Opinion and Order at Docket No. 195.

**II. Standard**

Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(If a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial," summary judgment is proper.) The court must examine the record in the light most favorable to the nonmovant and indulging all reasonable inferences in the nonmovant's favor. *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994).

In its review of the record, the court must refrain from engaging in an assessment of credibility or weigh the evidence presented. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000)("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251 (1986)).

**III. Factual Findings**

Since the Court already made Findings of Fact in its Opinion and Order at Docket No. 180, we are adopting those findings here *in toto*.

**IV. Analysis**

Dr. Nadal premises his request for summary judgment on case law from the Puerto Rico Supreme Court supporting the view that a medical malpractice case requires expert testimony. Dr. Nadal posits that Dr. Leitner's testimony should be excluded, and that in the absence of Dr. Leitner's expert opinion, Ms. Laureano's claims cannot survive.[2] Upon reviewing the pertinent case law, we find that it is in line with Dr. Nadal's argument.

Because this is a diversity action, we must look to the law of the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938); *Rolon–Alvarado v. Municipality of San*

---

2  At the time that Dr. Nadal filed the Motion for Summary Judgment, the Court had not yet excluded Dr. Leitner's opinion on *Daubert* grounds.

*Juan*, 1 F.3d 74, 77 (1st Cir.1993). To establish a prima facie case of medical malpractice in Puerto Rico, a plaintiff most show by a preponderance of the evidence: "(1) the duty owed (i.e., the minimum standard of professional knowledge and skill required in the relevant circumstances) ; (2) an act or omission transgressing that duty; and (3) a sufficient causal nexus between the breach and the harm." *Marcano Rivera v. Turabo Medical Center Partnership*, 415 F.3d 162, 167 (1st Cir. 2005)(citing *Rojas–Ithier v. Sociedad Española de Auxilio Mutuo y Beneficiencia de P.R.*, 394 F.3d 40, 43 (1st Cir.2005)); *Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 189 (1st Cir. 1997)(citing *Lama v. Borras*, 16 F.3d 473, 478 (1st Cir.1994) and *Rolon–Alvarado*, 1 F.3d at 77).

Under Puerto Rico law, there is a presumption that the treating doctors employed a reasonable degree of care and plaintiff bears the burden of refuting the presumption. *See Rolon-Alvarado*, 1 F.3d at 78 (quoting *Del Valle Rivera v. United States*, 630 F.Supp. 750, 756 (D.P.R.1986)). Generally, the standard of care that a physician owes to patients is "[t]hat

[level of care] which, recognizing the modern means of communication and education, ... meets the professional requirements generally acknowledged by the medical profession." *Lama*, 16 F.3d at 478 (quoting *Oliveros v. Abreu*, 101 P.R. Dec. 209, 226 (1973)).

Given that establishing the standard of care requires specialized medical knowledge, an informed opinion is key. *See Rolon-Alvarado*, 1 F.3d at 78. "Thus, it must ordinarily be established by expert testimony." *Id*. (citations omitted). In fact, the case law overwhelmingly support the view that expert testimony is needed to establish both causation, and the minimum standard of care. *See Medina Santiago v. Velez*, 20 P.R. Offic. Trans. 399, 386 (1988)(quoting *Quiñones v. Duarte Mendoza*, 112 P.R. Dec. 223, 225 (1982))("The plaintiff must establish through expert evidence--unless the lack of care is so evident as to infer negligence, the degree of care and scientific knowledge required by the profession in the treatment of a specific type of patient."*); Marcano Rivera*, 415 F.3d at 168 (citing *Rojas–Ithier*, 394 F.3d at 43)(("[A] factfinder

normally cannot find causation without the assistance of expert testimony to clarify complex medical and scientific issues that are more prevalent in medical malpractice cases than in standard negligence cases."); *Cortes-Irizarry*, 111 F.3d at 191 ("A medical malpractice plaintiff can—and often does—establish causation through expert testimony."); *Pages-Ramirez v. Ramirez-Gonzalez*, 605 F.3d 109, 113 (1st Cir. 2010)(citations omitted)("In order to determine the applicable standard of care in a medical malpractice action and to make a judgment on causation, a trier of fact will generally need the assistance of expert testimony.").

In *Pages-Ramirez*, for example, the Court noted that without the expert's testimony on causation and the standard of care, "plaintiffs were unable to present evidence on two elements of their case." *See* 605 F.3d at 116. Likewise, in *Rodriguez-Diaz v. Seguros Triple-S, Inc.*, 636 F.3d 20, 23-4 (1st Cir. 2011), the Court expressed that even though plaintiff's attorney "made an admirable effort to do his own medical research," the lack of an expert witness would make it "hard

for the jury" to understand the causation elements of the case. In affirming the district court's granting of a motion for summary judgment in defendant's favor premised on the absence of an expert witness, the Court categorically expressed: "the appeal fails because there is a legal rule requiring expert testimony in a case of this character, and possible exceptions to the rule have not been shown to apply." *Id*.

There are only a few cases from the Puerto Rico Supreme Court in which other evidence, aside from expert testimony, has been considered sufficient in determining negligence in medical malpractice suits. In those cases, where lack of care has been found to be "so evident as to infer negligence," the Court has applied the doctrine of *res ipsa loquitur*. *See Quiñones v. Duarte Mendoza*, 12 P.R. Offic. Trans. 272, 225 (1982)(Finding that reasonable care was not exercised because antibiotics were not administered as a preventive measure against infection); *Sociedad de Gananciales, Etc. v. Presbyterian Hospital*, 88 P.R. Dec. 391, 400 (1963)(Holding that a hospital was liable

where a patient's surgery had to be suspended because there was falling debris inside the operating room).

Ms. Laureano-Quiñones, however, has never argued that the doctrine of *res ipsa loquitur* is applicable in this case, and even if she had, she has not put forth any uncontroverted material facts to establish that the lack of care in this case falls under that very limited category of Supreme Court cases. Therefore, there is nothing on the record from which the Court can conclude that sufficient uncontroverted facts exist to establish negligence.

**V. Conclusion**

In light of the absence of expert testimony and for the reasons set forth before, defendant's Amended Motion for Summary Judgment at Docket No. 102 is granted.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of August, 2018.

<u>S/ SILVIA CARREÑO-COLL</u>

UNITED STATES MAGISTRATE JUDGE